IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **BAY PROMO LLC** § § | | |
| **Plaintiff,** § § | | |
| v. § | Case No. 1:20-cv-4326 | |
| § § § | | |
| **ARELY NICOLLE MONCADA ALANIZ** § § | | |
| **Defendant.** § § § | **JURY TRIAL DEMANDED** | |
| § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Bay Promo LLC ("Bay Promo" or "Plaintiff") files its Original Complaint against Defendant Arely Nicolle Moncada Alaniz ("Ms. Moncada" or "Defendant") and, in support thereof, alleges the following:

### I.   PRELIMINARY STATEMENT

1. This action arises out of a contract between Bay Promo and Ms. Moncada. The contract provided that Ms. Moncada would act as a "sales distribution officer" for Bay Promo. Bay Promo agreed to compensate Ms. Moncada by paying her a commission for a completed sale of Bay Promo's products to a buyer that she procured.

2. Defendant did initially procure a buyer that entered an agreement to purchase Bay Promo's products for the purpose of resale to the State of New York Health Department. Although the sales contract had not been fully performed, Bay Promo, as an act of good will, transferred a portion of the commission Defendant would earn from the completed sale to Defendant in advance.

3. Ultimately, the buyer Defendant had procured breached the agreement and Bay Promo did not complete the sale of its products to the buyer. Litigation with the buyer is ongoing. Bay Promo asked Defendant to return the payment she had received because, under the terms of her contract, she was only entitled to a commission if the sale to the State of New York Health Department was successful.

4. Defendant refused to do so. Subsequently, Defendant divulged confidential information, obtained under her contract, to third parties in violation of her contract and federal law. Defendant continues to divulge this confidential information in a manner that threatens Plaintiff's business and is causing Plaintiff to suffer damages.

5. Defendant has refused to comply with the terms of her contract and continues to place Plaintiff's business interests in jeopardy. As such, Plaintiff is compelled to seek this court's assistance in enforcing Plaintiff's contractual rights and protecting its business interests.

## II.   PARTIES

6. Bay Promo is a limited liability company organized and existing under the laws of Florida with its principal place of business in Tampa, Florida.  For purposes of this action only, it may be served through its counsel listed below.

7. Defendant is a citizen and resident of the State of Massachusetts at address 1 Leighton street # 1101, Cambridge, Massachusetts, 02141.

## III.   JURISDICTION AND VENUE

8. This Court has personal jurisdiction over Defendant as Defendant has adequate minimum contacts with the State of New York.

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 because the parties are diverse and the amount in controversy exceeds $75,000.

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

## IV. BACKGROUND FACTS

12. Plaintiff is a Florida-based company that specializes in the sale and distribution of promotional items. Plaintiff has clients in numerous industries, such as construction, healthcare, education, hospitality, telecommunications, and real estate. Plaintiff's clients include domestic and transnational corporations, as well as governmental entities. Plaintiff also provides importing and distributing services from product suppliers outside of the United States to clients within the United States.

13. Defendant is an individual who was engaged by Plaintiff as an independently contracted "sales distribution officer" on March 23, 2020.

**A. Defendant's Contract With Bay Promo**

14. On March 21, 2020, Defendant contacted Bay Promo and represented that she had contacts with potential buyers of Bay Promo's products in the United States and in Nicaragua. Defendant sought a business relationship wherein she would procure a client for Bay Promo in exchange for a commission on any sale made to the client that she procured.

15. Defendant introduced Bay Promo to Denim & More, LLC, a Florida-based company ("Denim & More"). On March 23, 2020, Denim & More ordered $3,640,000.00 worth of products from Bay Promo ("the Sales Agreement"). These products were subject to delivery to the State of New York Health Department.

16. Also on March 23, 2020, prior to the formalization of the sales agreement with Denim & More, the parties entered an agreement ("Commission Agreement" or "the agreement").

17. The agreement provided that Defendant would receive a commission of 6% of gross sales in the amount of $3,640,000.00 based on Invoice 3184 from Bay Promo to Denim and More for the sale of two million units of K95 masks and surgical masks which were to be provided to the State of New York Health Department. This commission was for Defendant's procurement of the Sales Agreement with Denim & More. Defendant was entitled to payment of the commission once the sale was complete.

18. The Commission Agreement further provided that, as an independent contractor for Bay Promo, Defendant would have access to information regarding inventions, products, product designs, processes, technical matters, trade secrets, copyrights, customer lists, prices, costs, discounts, business affairs, and future plans (collectively, "the information"). The agreement explicitly recognized that the information was a valuable, special, and unique asset owned by Bay Promo.

19. Defendant agreed that she would not at any time, or in any manner, either directly or indirectly, divulge, disclose, or communicate any of the information to a third party without the prior written consent of Bay Promo. Defendant further agreed that she would treat the information as strictly confidential.

20. The agreement provided that any breach of the confidentiality provisions of the agreement would be a material violation of the agreement entitling Bay Promo to legal and/or equitable relief.

21. The Commission Agreement provided that it was to be construed under the laws of the State of Florida.

B. **Defendant's Initial Breach of the Commission Agreement**

22. As an act of good-will, Bay Promo gave Defendant an advance on her expected commission for the Sales Agreement in the amount of $40,000. Under the terms of the Commission Agreement, Defendant was not entitled to any commission payments until the sale she procured was complete. The sale was to be complete after the State of New York accepted the procured KN95 masks and surgical masks.

23. Subsequently, Denim & More breached the Sales Agreement and refused to perform its payment obligations. Litigation over the damages Bay Promo has suffered as a result of Denim & More's breach is ongoing.

24. Due to the fact that the Sales Agreement was unsuccessful, Defendant was not entitled to a commission. As such, Bay Promo requested that Defendant return the $40,000 advance payment which she had received, but not earned.

25. Defendant refused to do so. Instead, Defendant has unjustifiably demanded that she be paid a full commission for the unsuccessful sale in the amount of $600,062.80.

   C. **Defendant's Unlawful Recording and Disclosure of Telephone Conversations and Defendant's Violation of the Confidentiality Provisions of the Commission Agreement**

26. Subsequently, Defendant continued to contact Plaintiff and make demands that Plaintiff pay her an unearned commission for the Sales Agreement.

27. During this time, Defendant had multiple telephone conversations with Plaintiff's owners and representatives. Without consent of the involved parties, and in violation of Florida law, Defendant made audio and video recordings of those conversations.

28. Subsequently, Defendant disclosed those recordings to third parties, again without the consent of the involved parties.

29. Additionally, since the end of her relationship with Bay Promo, Defendant has divulged information about the Sales Agreement, Bay Promo's business affairs, and customer information to third parties.

30. Defendant acquired this information as a result of her contract with Bay Promo and was obligated to treat this information as strictly confidential under the terms of the Commission Agreement.

31. The information contained in the recorded telephone conversations and the other pieces of divulged information were trade secrets, as they provided Bay Promo with independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

32. Furthermore, Bay Promo has at all times made reasonable efforts to ensure the information Defendant divulged remained secret.

## V.     CAUSES OF ACTION

**COUNT I – BREACH OF CONTRACT**

33. Plaintiff incorporates all of the allegations described above in Paragraphs 1-32 as if they were set forth in their entirety herein.

34. The Commission Agreement was a valid contract between Plaintiff and Defendant.

35. Plaintiff performed all of its obligations according to the terms of the contract.

36. Defendant's actions, detailed above, constituted breaches of the contract.

37. Plaintiff has been damaged by Defendant's actions in violation of the contract and seeks compensatory damages in an amount to be determined by a trier of fact as well as its attorney's fees incurred in bringing and prosecuting this case.

38. Plaintiff further seeks an injunctive order prohibiting Defendant from further divulging confidential information in violation of the contract.

**COUNT II – UNJUST ENRICHMENT**

39. Plaintiff incorporates all of the allegations described above in paragraphs 1-38 as if they were set forth in their entirety herein.

40. Plaintiff conferred a benefit on Defendant by providing an advance payment of a portion of her commission before it was earned.

41. Defendant voluntarily accepted and retained the benefit conferred.

42. The circumstances are such that it would be inequitable for Defendant to retain the benefit.

**COUNT III – UNLAWFUL INTERCEPTION AND DISCLOSURE OF WIRE, ORAL, OR ELECTRONIC COMMUNICATIONS UNDER FLORIDA STATUTE §934.10**

43. Plaintiff incorporates all of the allegations described above in paragraphs 1-42 as if they were set forth in their entirety herein.

44. Under the provisions and definitions set forth in Florida Statute §934 *et seq*, Defendant unlawfully intercepted Plaintiff's oral wire communications.

45. Specifically, Defendant created audio and video recordings of telephone conversations between Plaintiff and Defendant without the consent of all parties.

46. Subsequently, Defendant disclosed these recordings to third parties without the consent of the affected parties.

47. Plaintiff had a reasonable expectation that the contents of the telephone conversations would remain confidential.

48. Florida Statute §934.10 permits a civil cause of action against any person or entity who intercepts, discloses, or uses, or procures any other person or entity to intercept, disclose, or use, such communications.

49. Plaintiff has been damaged by Defendant's unlawful interception and disclosure. As permitted by Florida law, Plaintiff seeks compensatory damages in an amount to be determined by a trier of fact, punitive damages, a reasonable attorney's fee and other litigation costs reasonably incurred.

50. Plaintiff seeks an injunctive order prohibiting Defendant from making any further disclosures of the unlawfully intercepted communications.

51. Plaintiff further seeks any additional equitable or declaratory relief as may be appropriate.

**COUNT IV – MISAPPROPRIATION OF TRADE SECRETS UNDER THE FLORIDA UNIFORM TRADE SECRETS ACT**

52. Plaintiff incorporates paragraphs 1-51 as if they were set forth in their entirety herein.

53. Defendant acquired trade secrets owned by Plaintiff as a result of her contract with Plaintiff.

54. Defendant misappropriated Plaintiff's trade secrets by disclosing them to third parties without Plaintiff's knowledge or consent.

55. At the time of Defendant's disclosure, Defendant knew, or had reason to know, that her knowledge of Plaintiff's trade secrets was acquired under circumstances that gave rise to a duty to maintain their secrecy or limit the use of the trade secrets..

56. Defendant had a contractual duty to maintain the secrecy of Plaintiff's trade secrets.

57. Defendant's disclosure of Plaintiff's trade secrets was willful and malicious.

58. Plaintiff has been damaged by Defendant's unauthorized disclosures. Plaintiff seeks damages for any loss caused by Defendant's disclosures and for any unjust enrichment caused by the misappropriation of Plaintiff's trade secrets.

59.     Plaintiff seeks exemplary damages for Defendant's willful and malicious disclosure of its trade secrets.

60.     Plaintiff seeks an injunctive order prohibiting Defendant from making any further disclosures of Plaintiff's trade secrets.

61.     Plaintiff seeks a reasonable attorney's fee and other litigation costs reasonably incurred.

**COUNT V – MISAPPROPRIATION OF TRADE SECRETS UNDER THE FEDERAL DEFEND TRADE SECRETS ACT, 18 U.S.C. §§1831-1839**

62.     Plaintiff incorporates paragraphs 1-61 as if they were set forth in their entirety herein.

63.     Defendant acquired trade secrets owned by Plaintiff as a result of her contract with Plaintiff.

64.     Plaintiff's trade secrets were related to a product or service used in, and intended for use in, interstate and foreign commerce

65.     Defendant misappropriated Plaintiff's trade secrets by disclosing them to third parties without Plaintiff's knowledge or consent.

66.     At the time of her disclosure, Defendant knew, or had reason to know, that she had acquired the trade secrets under circumstances giving rise to a duty to maintain the secrecy of the trade secrets or limit the use of the trade secrets.

67.     Defendant had a contractual duty to maintain the secrecy of Plaintiff's trade secrets.

68.     Defendant's disclosure of Plaintiff's trade secrets was willful and malicious.

69.     Plaintiff has been damaged by Defendant's unauthorized disclosures. Plaintiff seeks damages for any loss caused by Defendant's disclosure and for any unjust enrichment caused by the misappropriation of Plaintiff's trade secrets.

70. Plaintiff seeks exemplary damages for Defendant's willful and malicious disclosure of its trade secrets.

71. Plaintiff seeks an injunctive order prohibiting Defendant from making any further disclosures of Plaintiff's trade secrets.

72. Plaintiff seeks a reasonable attorney's fee and other litigation costs reasonably incurred.

## VI.   PRAYER

WHEREFORE, Plaintiff prays that upon a final hearing or trial, Plaintiff be awarded judgment against Defendant for the following:

(a) Compensatory damages;

(b) Exemplary damages

(c) Reasonable attorneys' fees and costs;

(d) Prejudgment and post-judgment interest;

(e) Injunctive relief; and

(f) Such other general relief to which Plaintiff may be justly entitled.

DATED:  September 15, 2020.

Respectfully submitted,

/s/ Nick Oberheiden

Dr. Nick Oberheiden
NY Reg. No. 4619011
nick@federal-lawyer.com
**OBERHEIDEN P.C.**
5728 LBJ Freeway, Suite 250
Dallas, Texas 75240
(214) 334-7648 (Telephone)

(972) 559-3365 (Facsimile)
**ATTORNEY FOR PLAINTIFF**