UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 20-cv-12050-RGS

BAY PROMO, LLC,

v.

ARELY NICOLLE MONCADA ALANIZ

v.

HUMBERTO ARGUELLO, THISAL JAYASURIYA,
and MARGINA ARGUELLO

MEMORANDUM AND ORDER
ON MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION

April 28, 2021

STEARNS, D.J.,

In September of 2020, Bay Promo, LLC, a Florida distributor of personal protective equipment, sued Arely Nicolle Moncada Alaniz in the Eastern District of New York seeking to recover a paid, but allegedly unearned sales commission. The case was transferred to this court in November of 2020.[1] In January of 2021, Moncada answered and asserted

---

[1] After the judge in the Eastern District of New York raised questions about personal jurisdiction and venue, Bay Promo moved under 28 U.S.C. § 1404(a) and § 1406(a) to transfer the case to this court. The parties do not dispute that Moncada is a resident of Massachusetts.

counterclaims against Bay Promo and a Third-Party Complaint against three employee-defendants of Bay Promo: Humberto Arguello, the Chief Executive Officer, Thisal Jayasuriya, the Chief Financial Officer, and Margina Arguello, the National Sales Manager (and mother of Humberto Arguello).[2] The third-party defendants now move to dismiss for lack personal jurisdiction, Fed. R. Civ. P. 12(b)(2), and failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6). The motion to dismiss for lack of personal jurisdiction will be allowed.

## Background

The facts alleged in the Third-Party Complaint, construed in the light most favorable to Moncada as the nonmoving party, are as follows. The third-party defendants, all officers of Bay Promo, reside in the state of Florida. In March of 2020, Bay Promo, acting through Humberto Arguello, hired Moncada as a salesperson. Moncada subsequently made eight sales for Bay Promo. Moncada alleges that, under her agreement with Bay Promo, she was entitled to a 6% commission on each sale.[3] Moncada calculates that

---

[2] The claims are for tortious interference (Counts I-III), conversion (Counts IV-VI), and civil conspiracy (Count VII).

[3] According to the various pleadings, only the first 6% sales commission was guaranteed in writing while commissions on Moncada's subsequent sales were to "be determined by Humberto Arguello CEO [on a] project by project basis." Commission Agm't (Dkt # 21-1) at 1.

she earned a total of $641,499.60 in commissions of which only $41,437.80 has been paid. *See* Third-Party Compl. (Dkt # 13) ¶ 6.

After receiving the initial payment, communications between Bay Promo and Moncada broke down. Moncada's telephone calls inquiring about the missing commission payments went unanswered and her corporate email account was shut down. When she finally reached Arguello by telephone, he referred her to Jayasuriya. In a telephone conversation on June 20, 2020, Jayasuriya told Moncada that Bay Promo was experiencing cash flow problems, but that she would be paid in full within 5 to 7 business days. No payments were forthcoming and on July 3, 2020, Arguello called Moncada in Massachusetts and "threatened not to pay a penny" of what she was owed if she brough a lawsuit.[4] In September of 2020, Bay Promo beat Moncada to the punch and sued for the return of the one commission that she had been paid.

In her affidavit in support of personal jurisdiction,[5] Moncada alleges that Humberto Arguello visited her in Boston in November of 2018 and

---

[4] Moncada alleges that the defendants eventually divided the commissions up among themselves after falsely attributing the sales to Arguello's mother, Margina.

[5] In determining whether a plaintiff has made a prima facie showing of jurisdiction, the court will consider the specific facts alleged in the pleadings, as well as any affidavits or competent supporting exhibits submitted by the

February of 2020. During the February visit, he broached the idea of her coming to work as a Bay Promo sales representative. After some negotiating, the offer was reduced to writing and executed on March 3, 2020, by Moncada personally, and Arguello acting on behalf of Bay Promo. Moncada continued to live in Boston and conducted all her sales work from home, communicating "on a nearly daily basis with all three third-party defendants." Moncada Aff. at 3 ¶ 9.

Defendants for their part have each submitted declarations stating that they do not own any real or personal property in Massachusetts, "have never personally conducted any business activities on behalf of Bay Promo in the Commonwealth of Massachusetts, and do not visit Massachusetts for any business or personal reasons." Mot. to Dismiss, Ex. 1 (Dkt # 22-1) at 2 ¶¶ 4-6, 4 ¶¶ 4-6, 6 ¶¶ 4-6.

---

plaintiff. *See Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 979 (1st Cir. 1986); *see also Sawtelle v. Farrell*, 70 F.3d 1381, 1385 (1st Cir. 1995) ("When reviewing a district court's ruling on a motion to dismiss an action for failure to make a prima facie showing of personal jurisdiction over a defendant, the appellate court draws the facts from the pleadings and the parties' supplementary filings, including affidavits, taking facts affirmatively alleged by the plaintiff as true and viewing disputed facts in the light most favorable to plaintiff.").

## Discussion

Motion to Dismiss for Lack of Personal Jurisdiction

As a rule, a federal court must in the first instance determine whether it has jurisdiction to reach the merits of a plaintiff's claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998). "Under the Fifth Amendment, a court may exercise general or specific jurisdiction over an out-of-state defendant only if that defendant has 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016), quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).[6] "The proper exercise of specific *in personam* jurisdiction hinges on satisfaction of two requirements: first, that the forum in which the federal district court sits has a long-arm statute that purports to grant jurisdiction over the defendant; and second, that the exercise of jurisdiction pursuant to that statute comports with the strictures of the Constitution." *Pritzker v. Yari*, 42 F.3d 53, 60 (1st Cir. 1994). Under the most common *prima facie* method of resolving a motion to dismiss for lack of personal jurisdiction, the court must determine "whether the plaintiff

---

[6] There is no claim by Moncada of general jurisdiction ("continuous and systematic general business contacts") over Bay Promo as a corporate entity.

has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." *Boit v. Gar-Tec Prod.*, Inc., 967 F.2d 671, 675 (1st Cir. 1992).

Moncada looks to two provisions of the Massachusetts long-arm statute for support. Under Mass. Gen. Laws ch. 223A, § 3, "[a] court may exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth" or "(c) causing tortious injury by an act or omission in this commonwealth."[7]

§ 3(a): Transacting Business in the Commonwealth

"For jurisdiction to exist under § 3(a), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 767 (1994). Moncada argues that jurisdiction is appropriate under § 3(a) because "the defendants transacted with her on a regular basis

---

[7] Because the long-arm statute imposes jurisdictional constraints that are not coextensive with the wider parameters of the Due Process Clause, the Supreme Judicial Court has made clear that a court is to determine whether jurisdiction is warranted under one or more prongs of the long-arm statute before turning to due process considerations. *See SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324, 328-330 (2017).

[in Massachusetts], receiving and processing her orders[,] communicating with her on the status of her sales[,] and then diverting her earned commissions into their own pockets." Pl.'s Opp'n (Dkt # 25) at 8. Moncada also notes that Humberto Arguello visited her twice in Massachusetts prior to her being hired by Bay Promo and raised the prosect of a sales job during one of those visits.[8]

While Moncada's allegations might well suffice to establish jurisdiction over Bay Promo under the transacting business clause (a proposition to be tested later), it does not follow that the individual third-party defendants are vicariously subject to personal jurisdiction in Massachusetts because of their capacity as corporate officials. *See M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 279 (D. Mass. 2008) ("[I]t is axiomatic that 'jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation.'"), quoting *Johnson Creative Arts, Inc. v. Wool Masters, Inc.*, 573 F. Supp. 1106, 1111 (D. Mass. 1983). While

---

[8] Massachusetts construes the transacting business clause broadly to apply to "any purposeful acts by an individual, whether personal, private, or commercial." *Ross v. Ross*, 371 Mass. 439, 441 (1976). That said, "[w]hen a nonresident party simply purchases goods or services from Massachusetts residents, Massachusetts courts are somewhat less inclined to find that the party is subject to personal jurisdiction here." *Aub v. Technicolor Ent. Servs.*, 224 F. Supp. 2d 371, 373-374 (D. Mass. 2002), citing *Good Hope Indus., Inc. v. Ryder Scott Co.*, 378 Mass. 1, 9 n.14 (1979).

Massachusetts courts do not recognize an absolute fiduciary shield doctrine, "more than mere participation in the corporation's affairs is required" to justify the exercise of personal jurisdiction over an individual officer. *Id.* at 280. Moncada's allegation that she communicated regularly with each of the defendants from her residence in Massachusetts while working for Bay Promo is alone insufficient to establish that any of them "derived personal benefit from their contacts in Massachusetts and/or acted beyond the scope of their employment" with respect to those contacts. *Id*; *see also King v. Prodea Sys., Inc.,* 433 F. Supp. 3d 7, 16 (D. Mass. 2019); *LaVallee v. Parrot-Ice Drink Prod. of Am., Inc.*, 193 F. Supp. 2d 296, 302 (D. Mass. 2002).

    While it might be thought that Humbert Arguello presents a closer question than Jayasuriya and Marina Arguello because of his two personal contacts with Moncada in Massachusetts, on closer examination this does not bear scrutiny. Both visits occurred before Moncada's employment at Bay Promo and, although on the second visit Arguello raised the prospect of an employment contract, Moncada presents no evidence that the contract was negotiated during that visit or that in signing the ultimately negotiated agreement Arguello was acting in his personal as opposed to his corporate capacity.

Causing Tortious Injury by an Act or Omission in the Commonwealth Under § 3(c)

Section 3(c) of the long-arm statute "deals with torts committed by persons who have no ongoing relationship with the forum state," *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 205 (1st Cir. 1994), and "is intended to apply only when the act causing the injury occurs within the Commonwealth." *Murphy v. Erwin-Wasey, Inc.*, 460 F.2d 661, 664 (1st Cir. 1972). While Moncada is correct that § 3(c) does not require that a defendant be physically present in Massachusetts at the time that a plaintiff is injured, the act that is the "but for" cause of the injury must have been purposefully directed at the plaintiff in Massachusetts.  *Id.* ("Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state.").

Moncada's claim of jurisdiction under § 3(c) must be evaluated in the context of her specific tort claims. *See Debreceni v. Bru-Jell Leasing Corp.*, 710 F. Supp. 15, 20 (D. Mass. 1989) ("[A]ll the bases for the assertion of personal jurisdiction contained in section 3 require some nexus between the claim asserted and conduct affecting the Commonwealth."). Moncada's claims of tortious interference, conversion, and civil conspiracy are predicated on allegations that the third-party defendants modified invoices

and excluded her from company communications to prevent her from reviewing and monitoring the status of the orders she had negotiated with the ultimate aid of diverting her commissions to themselves.[9] However, there is no allegation that any of this wrongful activity took place anywhere other than in Florida. Moncada's count of conversion is further predicated on the allegation that the defendants appropriated for themselves the commissions owed to her by Bay Promo.[10]

In an instructive § 3(d) case decided under the same operative clause ("causing tortious injury . . . in this commonwealth"), *Cunningham v. Ardrox, Inc.*, 40 Mass. App. Ct. 279 (1996), a Massachusetts domiciled plaintiff sued his out-of-state employer for wrongful termination. Noting that all the defendant's tortious acts were committed outside of Massachusetts, the Appeals Court rejected Cunningham's argument that the wrongful discharge caused him to suffer foreseeable economic injury in

---

[9] All of Moncada's disputed sales were made to customers in New York, not Massachusetts.

[10] "The legal injury occasioned by the tort of conversion is deemed to occur where the actual conversion takes place." *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 37 (1st Cir. 1999). Insofar as there is identifiable money at stake (as is necessary to sustain a claim for conversion under Florida law), it was never paid to Moncada and thus never in any sense was "in" Massachusetts.

Massachusetts of a kind sufficient to meet the literal requirements of the statute.

> While manifestations, effects, and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute 'injury in this commonwealth' within the meaning of the [long-arm statute]. . . . Here, while [Cunningham] may have suffered after his discharge financially and otherwise upon his move from Chicago to his retirement home in Massachusetts, this does not mean that he was 'injured' in Massachusetts.

*Id.* at 282.[11]

The fact that Moncada brought her tortious interference and conversion claims under Florida law (absent any contractual choice of law provision in her employment agreement compelling her to do so) further supports the conclusion that the tortious conduct alleged to have harmed Moncada took place in Florida. *Cf. Debreceni*, 710 F. Supp. at 20 ("[T]he fact that this claim is predicated on New York fraudulent conveyance law suggests that the alleged transaction occurred in New York, rather than Massachusetts."). Finally, without personal jurisdiction over defendants with respect to the tortious interference and conversion claims, the claim of civil conspiracy adds nothing to the jurisdictional mix where the claim is

---

[11] As the Court iterated, while a plaintiff may *suffer* in Massachusetts, "this does mean that [she was] injured here." *Id.* at 283, quoting *Walsh v. Nat'l Seating Co.*, 411 F. Supp. 564, 571 (D. Mass. 1976) (emphasis original).

nothing more than a vehicle for alleging joint action by the supposed conspirators. *See Comerford v. Meier*, 302 Mass. 398, 401 (1939).

## Due Process

Since personal jurisdiction is not authorized pursuant to the Massachusetts long-arm statute, the court "need not consider the Due Process Clause implications" of exercising jurisdiction over the defendants. *Peterson v. Burke*, 433 F. Supp. 3d 212, 219 (D. Mass. 2020).

## Motion to Dismiss for Failure to State a Claim

Having determined that it lacks personal jurisdiction over the third-party defendants in their individual capacities, the court cannot proceed to adjudicate the claims against them on the merits. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-431 (2007).

## ORDER

For the foregoing reasons, the third-party defendants' motion to dismiss for lack of personal jurisdiction is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUD