UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 20-cv-12050-RGS

BAY PROMO, LLC,

v.

ARELY NICOLLE MONCADA ALANIZ

v.

HUMBERTO ARGUELLO, THISAL JAYASURIYA,
and MARGINA ARGUELLO

MEMORANDUM AND ORDER
FOLLOWING A HEARING
TO SHOW CAUSE REGARDING AN ALLEGATION
OF FRAUD ON THE COURT

February 3, 2023

STEARNS, D.J.,

In September of 2020, Bay Promo, LLC, a Florida distributor of personal protective equipment, sued a former employee, Arely Nicolle Moncada Alaniz (Moncada), in the Eastern District of New York seeking to recover a paid but allegedly unearned sales commission. The case was transferred by a judge of the Eastern District to this court in November of 2020. In January of 2021, Moncada answered the Complaint and asserted counterclaims against Bay Promo as well as a Third-Party Complaint against three principals of Bay Promo: Humberto Arguello, the Chief Executive

Officer (CEO); Thisal Jayasuriya, the Chief Financial Officer (CFO); and Margina Arguello, the National Sales Manager (and mother of Humberto Arguello). On April 28, 2021, the court granted the third-party defendants' motion to dismiss for lack of personal jurisdiction.

After several extensions to the discovery schedule, a jury trial was set for July 19, 2022. The court allowed Bay Promo's request for a new date after its then-counsel explained that his wife was at the end-stage of a terminal illness. The trial was reset for October 11, 2022. On September 14, 2022, Bay Promo asked for an indefinite extension of the trial date. In support of the request for an extension, Bay Promo's counsel submitted a letter dated August 30, 2022, purportedly written by Jayasuriya's treating physician, Dr. Jason Feliberti, a doctor at Tampa General Hospital. The letter explained that the "USF health cardiology team" had decided to "immediately implant a Cardioverter Defibrillator" on October 7, 2022, and that Jayasuriya's "access to continuous health care is a matter of life and death." Mot to Continue, Dkt #60 at 5. The letter added that "it is hospital policy that Mr. Jayasuriya's legal guardian and medical decision maker Humberto Arguello, must be present for the above-references procedure . . . and in the days following." *Id.* Consequently, the letter advised that Jayasuriya and Arguello

be excused from any travel or commitments "every week in October and December [of] 2022." *Id.*

Perhaps naively, the court accepted the letter submitted by counsel at face value and continued the trial to January 31, 2023. Charles Devine, the more skeptical counsel for defendant Moncada, contacted Dr. Feliberti, who confirmed that, while Jayasuriya was in fact a patient of his, he had not written the August 30 letter and that the document submitted to the court was "fraudulent." *See* Resp. to Mot. to Continue, Dkt #63-3 at 2. Devine submitted the results of his investigation to the court, and on September 16, 2022, moved that the Complaint against Moncada be dismissed as sanction for Bay Promo's alleged fraud on the court.[1] That same day, the court noted Devine's serious allegations on the docket and asked counsel then appearing for Bay Promo to file an answer with the court to the charges of misconduct. Based on counsel's response that he had simply filed the letter that Bay

---

[1] Devine also asserted that "[t]his is not the first instance of plaintiff submitting false information to the Court." On December 21, 2021, Arguello claimed he was unable to sit for his scheduled deposition or gather requested documents because he had "contracted Covid and had been hospitalized for several weeks." Dkt #63 at 2. However, Moncada obtained photographs from Margine Arguello's (Arguello's sister) Instagram account indicating that Jayasuriya, Arguello and his family were on a skiing vacation in Vail, Colorado from December 28, 2021, until January 2, 2022. *See* Moncada Aff. (Dkt #63-6) ¶¶ 5-7, Ex. 1.

3

Promo had supplied to support the motion to continue, the court allowed counsel's motion to withdraw from the case (on the advice of Massachusetts Office of Bar Counsel) once he had notified Bay Promo of its obligation under D. Mass. Local Rule 83.5 to engage successor counsel. *See* Salinger Aff. ¶ 21 (Dkt #66). On October 13, 2022, Arguello filed a letter with the court asking for additional time to find new counsel.

On November 11, 2022, Attorney Simon Mann, Bay Promo's new counsel, filed a notice of appearance. Three days later he filed a response to the court's Order to Show Cause together wish some of Jayasuriya's medical records. Attorney Mann indicated that the August 30 letter (which Mann refers to as Exhibit A) had been "mistakenly created" by a hurried, low-level Bay Promo assistant for Dr. Feliberti "to review and potentially sign off on." *See* Resp. to Court Order at 1 (Dkt # 76). Counsel supplied a one-paragraph letter signed by Dr. Feliberti, also dated August 30, 2022, which counsel stated was "the correct document that should have been filed . . . ." *Id.* (Mann refers to this letter as Exhibit B). That letter was addressed to "Whom It May Concern" at a hospital in Sao Paulo, Brazil, where Jayasuriya obviously was planning to travel. The letter simply described Jayasuriya's cardiac condition and the heart medications he had been prescribed. *See* Ex. B (Dkt #76-1). Attorney Mann asserted that Arguello and Jayasuriya believed that

4

the "life or death" letter was "authentic." Dkt #76 at 2. Mann adds that Dr. Feliberti was in no "position to make such a legally conclusive assertion" and that "[a]lthough the content is not his, it is content written for him, which he may have otherwise redrafted as Exhibit B," contending that the content of the two letters "contains the same message . . . [and] serves the same purpose." *Id.*

Finding the letters markedly different in content and tone, and unconvinced by the explanation, the court ordered the convening of an evidentiary show cause hearing, but delayed the hearing to late January of 2022 to permit Bay Promo's new counsel sufficient time to muster a case against the imposition of sanctions. Moncada's counsel was also invited to present evidence should he so choose.

The Show Cause hearing was scheduled for January 31, 2023. On the eve of the hearing, Attorney Mann filed the affidavits of Arguello and Hasitha Da Silva (Da Silva purports to be Jayasuriya's administrative assistant). Da Silva states that she drafted the detailed, five-paragraph letter "in hopes of sending it to the clinic and getting it signed by the clinic . . . and made the mistake of forgetting to remove the letterhead and signature of the doctor

5

from the letter." *See* Da Silva Aff. ¶¶ 5-6 (Dkt #82).² The affidavits repeated Bay Promo's earlier assertion that the five-paragraph letter containing Dr. Feliberti's signature was drafted for his convenience and inadvertently filed with the court in lieu of the one paragraph letter addressed to the hospital in Brazil.

On the morning of January 31, 2023, Attorney Mann appeared at the show cause hearing without witnesses physically present. Nor had he sought permission from the court to remotely present their testimony. After the court iterated the seriousness of the matter, Attorney Mann stated that he had "advised" the witnesses to attend the hearing in person, but that "they're unable to come . . . and asked that I be here for them and represent them, and, you know, attend on their behalf." 1/31/23 Hearing Tr., at 3. In the response to the court's question as to whether arrangements had been made for a remote hearing, Attorney Mann replied that he had "filed their affidavits and an exhibit in hopes that would be satisfactory. And, like you said, I didn't take any [other] steps." Tr., at 4. Attorney Mann proposed "get[ting his] clients on the phone with us or perhaps we could just postpone another few

---

² That Da Silva, assuming that she is an extant person, drafted the detailed August 30 letter is a quiscuous proposition at best – the dissimilarities in syntax, sentence structure, and command of the English language are too divergent to support the belief that the same person drafted both the letter (Ex. A) and the affidavit.

6

weeks and I will make sure they make flight arrangements, or we can make the Zoom arrangements." *Id.*

Following this exchange, the court observed that, while Da Silva appeared to have been designated to fall on her sword, her affidavit was "a classic example of inadmissible hearsay." Attorney Mann replied:

> If we are not able to go forward with this today with just me here on their behalf, if there is any room for productivity on our side with just me having me here, then I propose that we go forward today and I give our best arguments, which is basically what I put in our motion already and affidavits and exhibits.

Tr. at 5. The court then, after eliciting Attorney Devine's views,[3] stated that:

---

[3] Defendant's counsel stated that,

> if we did nothing and relied upon the affidavits, I think there's sufficient evidence to show that the organization itself committed fraud on the court through the way it handled this case. Changing the opinions, changing the diagnosis from a moderate cardiac failure to an end-stage cardiac failure case, is not – this patient does not have end-stage cardiac failure by any reading of any of these records. My feeling is that the plaintiffs have essentially gotten what they wanted, what they set out to get back in August, which is a delay of the trial. We're now a day shy of February and more continuances are being proposed. My preference is that we hold the hearing today with whatever the plaintiff is able to deliver to the court and that we try to move forward to a resolution of the entire case as expeditiously as possible.

7

> [T]he reason that – and I was very careful to give sufficient time to plaintiffs to make preparations for the hearing . . . so that we would not all sit here, as we are today, with nothing to do, in essence.
>
> . . .
>
> I heard Mr. Mann's statement, and I have read what is said in the affidavits, and I assume that those are the best arguments you can make at this point?
>
> Mr. Mann:  That's right.

Tr., at 7.

The court then stated that it would not grant any further continuances and would instead proceed to a consideration of the sanction to be imposed.

## DISCUSSION

A district court has inherent authority to sanction counsel for "litigation abuses which threaten to impugn the district court's integrity or disrupt its efficient management of the proceedings." *United States v. Kouri-Perez*, 187 F.3d 1, 7 (1st Cir. 1999).  Rule 11(c) of the Federal Rules of Civil Procedure also permits sanctions to be imposed for the filing of a false or intentionally misleading pleading, motion, "or other paper," a term which is broadly defined to include a letter supporting a party's position that is filed with the court.  *See Legault v. Zambarano*, 105 F.3d 24, 27 (1st Cir. 1997).

---

Tr., at 6.

8

"If shown by clear and convincing evidence, a fraud on the court may warrant the ultimate sanction of a dismissal of a [plaintiff's] action." *Aoude v. Mobil Oil Corp.*, 892 F. 2d 1115, 1118 (1st Cir. 1989); *cf. Serra-Lugo v. Consortium-Las Marias*, 271 F.3d 5, 6 (1st Cir. 2001) (*per curiam*) (sanctions for laxity on an attorney's part in complying with court-ordered deadlines may include the dismissal of the case with prejudice).

"Clear and convincing evidence" is evidence that produces a firm belief or conviction as to the truth of the matter at issue. This is a standard higher than a preponderance of the evidence but below proof beyond a reasonable doubt or proof to an absolute certainty. *See Addington v. Texas*, 441 U.S. 418, 431-432 (1979). The requisite standard is doubly met here. Plaintiff's representatives deliberately forged a physician's letter to obtain from the court the continuance of a trial that they knew the court was unlikely to grant. The essence of the forgery was to invent in the doctor's name a life-threatening medical condition that made travel by Jayasuriya (and by extension Arguello) to Boston impossible, when in fact the two men were embarking on a visit to Brazil. They then compounded the fraud by causing successor counsel to file defensive affidavits in anticipation of the show cause hearing that, in the court's view, are demonstrably false, particularly in the case of the improbable and incredible statements made by Da Silva under

9

oath as to her authorship of the forged letter. Notably, all three of the principal players, despite ample prior notice, were unwilling to present themselves in court at the show cause hearing to testify, subject as they would have been to oath and cross-examination. In sum, this is the type of fraud that deserves the ultimate of civil sanctions, a dismissal of plaintiff's case with prejudice.[4]

## ORDER

For the foregoing reasons, the defendant's request for dismissal of Bay Promo's Complaint as sanction for fraud on the court is ALLOWED. The Clerk will schedule a trial on Arely Nicolle Moncada Alaniz's counterclaims for breach of contract and violations of Florida Stat. § 686.201 the week of May 8, 2023.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[4] The court also notes that, while plaintiff's successor counsel may have acted with less than the level of due diligence ordinarily expected of officers of the court, the actions of Bay Promo's representatives gratuitously threatened harm to their professional reputations.